In the Matter of MICHAEL LEVINE, as a Stockholder, Secretary and Vice-President of Glenmore Metalcraft Corp., in His Own Behalf and for All Others Who Might Care to Join, and GLENMORE METALCRAFT CORP., Petitioners, against MURRAY E. HARSTON et al., Respondents.

Supreme Court, Special Term, Kings County, February 10, 1944.

*Harry J. Winick* for petitioners.

*Gray & Maron* for respondents.

CUFF, J. Application by petitioner pursuant to the authority of article 78 of the Civil Practice Act to require the respondents to deliver to them books, records and property of the corporate petitioner. Mr. Levine, petitioner, and Mr. Karron, respondent, each own half of the corporate stock of the Glenmore Metalcraft Corp. Levine is secretary and vice-president; Karron is president. Each is a director. The corporation is deadlocked. Some time ago the two principals agreed in writing that the firm should cease functioning. It has. Thereafter Mr. Karron and the other respondents took from the corporate place of business all property and records of the company and they have them at this time. This fact is not disputed.

No explanation is advanced by respondents for their action. They assume that it was their right to do so. This court cannot agree. The corporation is still an entity. It has rights. Among those rights is the possession of its property and records. Of course an officer of a corporation may take possession of corporate property to preserve it. In this instance there is no such claim. The secretary and vice-president have rights and duties. The by-laws have not been submitted to the court to show just what those duties are. Also a director under the law is charged with duties; he has rights. Books and records of a corporation, as well as its property, belong at the corporate place of business when there is one. There are such premises for which the corporation is obligated to pay rent, which incidentally is not being paid although the corporation has funds.

There is no defect of parties petitioner. This is not a derivative action. It is not necessary to cite the corporation as a respondent in this application.

This motion must be and is granted to the extent of requiring that the books, etc., and property be returned to the company's place of business and be made available to both stockholders. Order on notice.